Chief Justice Robertson
delivered the opinion of the Court.
John Craio, deceased, by his will devised his personal estate to his wife, and his real estate to his executors in trust, for the payment of debts as far as it might be necessary for that purpose, and the residuum be devised specifically in seven lots.
In 1819, after John Craig’s death, Cave Johnson, a son-in-law of the deceased, filed a bill in chancery against the persons nominated executors by the will, alleging that he held, as assignee, a bond given by the testator, in 1785,to John and Jesse Peak, for the conveyance to them, of 300 acres of land, for the consideration of $>1000 paid by them, and that the title had never been made; and, therefore, praying fora specific execution, if it could be had, or, if it could not be, then for the proper meansure of damages.
John H. Craig alone answered the bill. He .relies on the lapse pf time in bar of any decree for the complainant; says that he knows of no title in the testator’s name, for the land described in the bond; supposes that the consideration did not exceed $150; and alleges that he alone had qualified as executor.
Afterwards Johnson filed a letter purporting to have been written by the testator to Robert Johnson, in 1813, acknowledging that he owed Cave Johnson for the 300 acres ©f land mentioned in the bill, and for 200 acres of other land which C. Johnson had appropriated to the payment of one of his (Craig’s) debts, and requesting R. Johnson to pay for him, whatever was justly due to C. Johnson. On this letter a receipt is endorsed for $92 38 cents, by Cave Johnson.
After the filing of this letter, J. H. Craig filed an amended answer, in which he rec ognizes the letter as genuine, and waives his objections to a decree.
And shortly thereafter, Johnson filed an amended bill, setting up a claim for the value of the 200 acres of land mentioned in the letter, and also exhibiting a *573 bond purporting to have been given by the testator to Joseph Falconer, in 1783, for the conveyance to him, of 160 acres of land, and to have been signed by Falconer to Jeremiah Craig, and by the latter to the complainant in 1799.
To bill, filed against ex’r, for specific execution of bond, given by testator, for conveyance of land, or for damages to be made out of the land, de-visees of the real estate are necessary parties.
To bill,by as-signee of bond, for convey anee of land, for specific execution thereof or for recompense in damage*, jf assignment was made before by law, such bonds were as-ignable, assignor is necessary party.
*573 There was no answer filed to this amendment.
The circuit court decreed to Johnson $1000, with interest from 1st of January, 1787, for damages on the bond to the Peaks; $500 with the like interest for damagesonthe bond to Falconer, and $400 with interest from the 18th of June, 1799, for the 200 acres of land referred to in the letter to R. Johnson. The interest decreed on the two bonds, was five per cent j that on the $400 was six per cent, and a credit was directed for the $92 38, for which the receipt was endorsed on the letter.
This decree cannot be affirmed. • It is erroneous in several particulars.
1st. The proper parties were not made, all the devisees of the real estate should have been made defendants, as the bill was filed for either a specific execution or for damages, to be made out of the land devised, it was proper to make the devisees parties, and even if the bill had been filed lor the single purpose of subjecting the land to the payment ol the debt, the devisees should have been parties; because the residuum, after the payment of debts, is devised to them. III Pr. Wms. 91, Cooper’s Pleadings, 38.
The assignees also ought to have been parties. It is not alleged, nor does it appear that the bond to the Peaks was assigned, since such a bond was made assignable by act of assembly ; nor that the assignment of the other bond by Falconer to John Craig, was, since it was assignable by law.
The acknowledgment in the letter, if it had embraced both bonds, cannot dispense with the necessity of making the assignors parties. They should be made parties, lest they may be injured without having an opportunity to assert their rights.
When an assignment of a chose in action, transfers to the assignee only an equity, the assignor-must be a party to the suit, founded on the thing assigned, be *574 Cause the legal right is in him. Neyfong vs. Wells, Hardin’s Reports, 561.
When an assignment of a chose in action transfers to assignee only an equity, assignor must be party to the suit, founded on the thing assigned ; because the legal right is in him.
Xapse of time which would bar relief on bond, if relied on in answer, will be considered as waived.ii def’t fail to answer.
Wickliffe and Triplett, for plaintiff; Haggin, for defendant.
2d. There was no proof of the consideration of the bond for 300 acres of land. The consideration alleged in the bill, was not admitted by the answer of J. H. Craig.
3d. It was not shewn, nor even suggested, when the 200 acres were appropriated by Johnson to the payment of John Craig’s debt. The court, therefore, had no right to imagine that the appropriation was made on the 18th of June, 1799, and to decree interest from that time. Why that day was selected, it would be vain to attempt to conjecture.
As to the bond to Falconer, the amended bill, which sets that up, not having been answered, the allegations in relation to it, may be considered as admitted.
The lapse of time, which, without sufficient proof of some fact, which would preventits effectual operation, would bar any relief in relation to this bond, has been waived, by not answering the amended bill, and, for the same reason, no unfavorable presumption arising from the silence of the original bill, and the letter of the testator as to this bond, should be indulged by the court judicially.
For reasons which have been suggested, the decree is reversed, and the cause remanded, for proceedings consistent with the principles of this opinion.